# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Appellee/Cross-Appellant, | ) |
|     v. | ) Nos. 24-1302, 24-1322, |
| ORONDE SHELTON, | ) & 24-1491 |
|     Appellant/Cross-Appellee. | ) |

## MOTION TO STAY BRIEFING SCHEDULE AND HOLD APPEALS C.A.V. PENDING DECISIONS IN *BROWN v. UNITED STATES*, *JACKSON v. UNITED STATES*, AND *UNITED STATES v. GAMBLE*

AND NOW comes Appellee/Cross-Appellant, United States of America, by Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Adam N. Hallowell, Assistant United States Attorney, and hereby respectfully requests that the briefing schedule in these appeals be stayed, and the appeals held C.A.V. pending the Supreme Court's decision in *Brown v. United States*, No. 22-6389, and *Jackson v. United States*, No. 22-6640, and pending this Court's decision in *United States v. Gamble*, No. 23-2105.

1. Appellant/Cross-Appellee Oronde Shelton was charged in a superseding indictment at Crim. No. 21-216 (W.D. Pa.) with two counts: possessing a firearm while a convicted felon, and possessing a machinegun. Dkt. No. 97[1]; *see*

---

[1] Docket numbers refer to Crim. No. 21-216 unless noted.

18 U.S.C. §§ 922(g)(1), (o). Based on the same underlying incident, the Probation Office sought to revoke Shelton's supervised release at Crim. No. 09-232 (W.D. Pa.), which he was serving at the time. Crim. No. 09-232, Dkt. No. 67 (petition).

2. In Crim. No. 21-216, Shelton pleaded guilty to both counts of the superseding indictment. Dkt. No. 153 (plea form). The Presentence Report found that Shelton was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), due to three prior convictions for a "serious drug offense" – two Pennsylvania cocaine-trafficking convictions and a federal drug conviction. PSR ¶¶ 26, 43. Shelton objected that his Pennsylvania convictions were not serious drug offenses. Dkt. No. 164 at 2-4 (objections to Presentence Report). The district court sustained Shelton's objection and found that ACCA did not apply, resulting in a lower range of statutory penalties and a lower advisory Sentencing Guideline range. Dkt. No. 207 at 18-25 (sentencing and revocation hearing transcript).

3. The court imposed a sentence of 120 months in prison on each of the two counts of the superseding indictment, to be served concurrently, and three years of supervised release. Dkt. No. 207 at 62-69; *see* Dkt. No. 196 (judgment). The 120-month sentence was an upward variance from the court's calculated Guideline range, but five years below the statutory minimum that would apply under ACCA.

4. In Crim. No. 09-232, the court found that Shelton had violated his supervised release conditions, revoked his supervised release, and imposed a 57-

2

month prison term for the violation, to run consecutively to the sentence at Crim. No. 21-216. Crim. No. 09-232, Dkt. No. 98 at 69-74 (sentencing and revocation hearing transcript); *see* Crim. No. 09-232, Dkt. No. 96 (judgment).

5. Shelton timely filed a notice of appeal from his conviction and sentence at Crim. No. 21-216, and this Court docketed the appeal at No. 24-1302. The Government timely filed a cross-appeal in that case, which this Court docketed at No. 21-1491. Shelton also timely filed a notice of appeal from his revocation judgment at Crim. No. 09-232, and this Court docketed the appeal at No. 24-1322. Appeals No. 24-1302 and 24-1322 have been consolidated by the Court "for purposes of disposition only," but not for other purposes. Order, Dkt. No. 4, No. 24-1322 (3d Cir. Feb. 28, 2024).

6. The Government respectfully requests that all three appeals be held C.A.V. for *Jackson v. United States* and *Brown v. United States*, pending cases in which the Supreme Court will resolve one of the key questions presented in this appeal, and for *United States v. Gamble*, a case pending in this Court involving several of the questions presented here.

7. The issue in the Government's cross-appeal at No. 24-1491 is whether the district court erred in finding that Shelton's prior Pennsylvania cocaine-trafficking convictions were overbroad compared to federal drug schedules, and that they therefore did not qualify as "serious drug offenses." *See* 18 U.S.C.

§ 924(e)(2)(A)(1).  The court looked to federal schedules "[a]t the time Mr. Shelton committed the instant [federal] offense."  Dkt. No. 207 at 21 (transcript).  Shelton did not argue that the convictions would be overbroad if the court instead looked to federal schedules at the time of his prior state convictions.  *See* Dkt. No. 164 at 2-4.

       8.     The district court's approach was consistent with this Court's statement in *United States v. Brown*, 47 F.4th 147 (3d Cir. 2022), that "we look to the federal schedule when the defendant committed the federal offense."  *Id.* at 155.  But the Supreme Court is reviewing this very issue in *Brown*, *see* 143 S. Ct. 2458 (2023), and the companion case of *Jackson v. United States*, 143 S. Ct. 2457 (2023).  These cases were argued on November 27, 2023, and remain pending at the Supreme Court.

       9.     *Brown* and *Jackson* will directly affect the analysis in Shelton's case.  Were briefing to proceed in these appeals, the parties would likely seek supplemental briefing in light of a later opinion in *Brown* and *Jackson*.  And were the Supreme Court to determine in *Brown* and *Jackson* that the relevant federal drug schedules are those at the time of the defendant's prior convictions (as the Government has argued), the district court's contrary ruling in this case would be erroneous.  *See also* Order, Dkt. No. 16, *United States v. Gamble*, No. 23-2105 (3d Cir. Sep. 20, 2023) (staying similar appeal for *Brown* and *Jackson*); *cf. United States v. Cann*, No. 22-2525, 2023 WL 5275054, at *4 (3d Cir. Aug. 16, 2023) (unpublished) (vacating

defendant's sentence and remanding because "the outcome in *Brown* may affect whether [a defendant's] drug crimes qualify" under § 924(e)).

10. In addition to *Brown* and *Jackson*, this Court should hold these appeals C.A.V. for *United States v. Gamble*, No. 23-2105, a similar appeal that is currently pending in this Court (and is currently stayed for *Brown* and *Jackson*). *Gamble* is a Government appeal from a district court's ruling that a defendant's prior Pennsylvania cocaine-trafficking convictions are not "serious drug felonies" under 21 U.S.C. § 841(b)(1)(B). Part of the definition of "serious drug felony" incorporates ACCA's definition of "serious drug offense" in 18 U.S.C. § 924(e). *See* 21 U.S.C. § 802(57). In *Gamble*, the Government may argue that Pennsylvania cocaine-trafficking convictions satisfy § 924(e)'s definition for reasons involving Pennsylvania law's treatment of ioflupane (a derivative of coca leaves, *see* Dkt. No. 207 at 18-25 (transcript)) – reasons not raised in *Brown* and *Jackson*. Specifically, the Government may argue in *Gamble* that Pennsylvania law does not criminalize ioflupane; that, in the alternative, Pennsylvania law is divisible between cocaine and ioflupane; and that Gamble has not shown a reasonable probability of a Pennsylvania prosecution for ioflupane. Each of these arguments is also implicated in Shelton's sentencing on the superseding indictment. *See* Dkt. No. 207 at 18-25. Thus, a stay of this appeal for *Gamble* would conserve the resources of the parties and the judiciary.

11. A stay also would not unduly prejudice Shelton. Since his arrest on the federal charges in April 2021, Shelton has served less than three years of his total prison sentence of 177 months (nearly fifteen years). Even if Shelton were to prevail on a challenge to that sentence (which he should not), he is not yet close to a sentence within the district court's calculated Sentencing Guideline ranges. *See* Dkt. No. 207 at 27, 73 (transcript) (calculating Guideline ranges of 51 to 63 months for the charges in the superseding indictment and 46 to 57 months for the supervised release violation); U.S.S.G. § 7B1.3(f) (policy statement) (directing that a prison term for a supervised release violation be imposed consecutive to any other sentence). A stay of these appeals for the Supreme Court's imminent ruling in *Brown* and *Jackson* and this Court's subsequent resolution of *Gamble* is thus in the interests of justice.

12. Finally, a stay is appropriate in Appeal No. 24-1322 – Shelton's appeal from his supervised release revocation – in addition to the other two appeals. While the revocation judgment does not present the ACCA issue that is involved in Shelton's sentence on the superseding indictment, Shelton may challenge both of his prison terms (which rest on the same underlying conduct) as substantively unreasonable. Efficiency would therefore counsel in favor of resolving all three appeals on the same schedule. The Government is filing this motion to stay both in Nos. 24-1302 and 24-1491 (the appeal and cross-appeal involving the superseding indictment) and in No. 24-1322 (the appeal involving the revocation judgment).

Simultaneously, the Government is filing a motion to consolidate all three appeals for all purposes.

WHEREFORE, Appellee/Cross-Appellant United States of America respectfully requests that the Court hold these appeals C.A.V. pending resolution of *Brown v. United States*, No. 22-6389 (U.S.); *Jackson v. United States*, No. 22-6640 (U.S.); and *United States v. Gamble*, No. 23-2105 (3d Cir.). The Government also requests that this Court order the parties to notify the Court within seven days of the date that *Brown*, *Jackson*, and *Gamble* have been resolved.

        Respectfully submitted,

        ERIC G. OLSHAN
        United States Attorney

        /s/Adam N. Hallowell
        ADAM N. HALLOWELL
        Assistant United States Attorney

Date:  March 28, 2024

## CERTIFICATE OF SERVICE

I hereby certify that Appellee/Cross-Appellant's Motion to Stay Briefing Schedule and Hold Appeals C.A.V. Pending Decisions in *Brown v. United States*, *Jackson v. United States*, and *United States v. Gamble* was filed this date and was served on the pro se Appellant/Cross-Appellee by postage-prepaid certified mail at the following address:

Oronde Shelton
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
*Pro se Appellant/Cross-Appelleee*

/s/Adam N. Hallowell
ADAM N. HALLOWELL
Assistant United States Attorney

Dated: March 28, 2024