# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee/Cross-Appellant, | ) |
| | ) |
| v. | ) Nos. 24-1302, 24-1322, |
| | ) & 24-1491 |
| ORONDE SHELTON, | ) |
| | ) |
| Appellant/Cross-Appellee. | ) |

## MOTION TO CONSOLIDATE APPEALS FOR ALL PURPOSES

AND NOW comes Appellee/Cross-Appellant, United States of America, by Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Adam N. Hallowell, Assistant United States Attorney, and hereby respectfully moves that these appeals be consolidated for all purposes.

1.  After a shooting incident in March 2021, Appellant/Cross-Appellee Oronde Shelton was charged with federal firearms charges in a two-count superseding indictment at Crim. No. 21-216 (W.D. Pa.). Dkt. No. 97.[1] Based on the same incident, the Probation Office sought to revoke Shelton's supervised release at Crim. No. 09-232 (W.D. Pa.), which he was serving at the time. Crim. No. 09-232, Dkt. No. 67 (petition).

---

[1] Docket numbers refer to Crim. No. 21-216 unless noted.

1

2. In Crim. No. 21-216, Shelton pleaded guilty to both counts of the superseding indictment. Dkt. No. 153 (plea form). The district court imposed a sentence of 120 months in prison on each of the two counts, to be served concurrently, and three years of supervised release. Dkt. No. 207 at 62-69 (sentencing and revocation hearing transcript); *see* Dkt. No. 196 (judgment). The 120-month prison sentence was an upward variance from the advisory Sentencing Guideline range calculated by the court. Dkt. No. 207 at 62-69

3. In Crim. No. 09-232, the court found that Shelton had violated his supervised release conditions, revoked his supervised release, and imposed a 57-month prison term for the violation, to run consecutively to the sentence at Crim. No. 21-216. Crim. No. 09-232, Dkt. No. 98 at 69-74 (sentencing and revocation hearing transcript); *see* Crim. No. 09-232, Dkt. No. 96 (judgment). The 57-month prison term was at the maximum of the Guideline range calculated by the court. Crim. No. 09-232, Dkt. No. 98 at 73.

4. Shelton timely filed a notice of appeal from his conviction and sentence at Crim. No. 21-216, and this Court docketed the appeal at No. 24-1302. The Government timely filed a cross-appeal in that case, which this Court docketed at No. 21-1491. Shelton also timely filed a notice of appeal from his revocation judgment at Crim. No. 09-232, and this Court docketed the appeal at No. 24-1322. Appeals No. 24-1302 and 24-1322 have been consolidated by the Court "for

purposes of disposition only," but not for other purposes. Order, Dkt. No. 4, No. 24-1322 (3d Cir. Feb. 28, 2024).

5.　　The Government respectfully requests that all three appeals be consolidated for all purposes. The appeals involve Shelton's two prison terms – one imposed for his conviction on the superseding indictment (at issue in Nos. 24-1302 and 24-1491), and one imposed for his supervised release revocation (at issue in No. 24-1322). Those prison terms both rested on the same underlying conduct: the March 2021 shooting incident. The Government anticipates that Shelton may argue on appeal that each of his two prison terms is substantively unreasonable. Those arguments would implicate an overlapping set of facts, including the facts of the March 2021 shooting incident and Shelton's personal history and characteristics. Efficiency therefore counsels in favor of consolidating the three appeals for briefing and for other purposes.

6.　　As noted in the Government's motion to stay (also filed today), the appeals involving the superseding indictment (Nos. 24-1302 and 24-1491) involve additional sentencing arguments that are not raised by the appeal from the revocation judgment (No. 24-1322). But those additional arguments do not outweigh the factual commonalities between the three appeals, which support addressing all three appeals in a single set of briefs rather than allowing No. 24-1322 to move forward alone.

7.  In at least one previous instance involving appeals from a judgment of conviction and sentence and from a related supervised release revocation judgment, this Court has consolidated the appeals for all purposes. Order, *United States v. Eddings*, No. 22-1832 (3d Cir. May 4, 2022). The Court should do the same here.

WHEREFORE, Appellee/Cross-Appellant United States of America respectfully requests that the Court consolidate Appeals No. 24-1302, 24-1322, and 24-1491 for all purposes.

> Respectfully submitted,
>
> ERIC G. OLSHAN
> United States Attorney
>
> /s/Adam N. Hallowell
> ADAM N. HALLOWELL
> Assistant United States Attorney

Date: March 28, 2024

# CERTIFICATE OF SERVICE

I hereby certify that Appellee/Cross-Appellant's Motion to Consolidate Appeals for All Purposes was filed this date and was served on the pro se Appellant/Cross-Appellee by postage-prepaid certified mail at the following address:

Oronde Shelton
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
*Pro se Appellant/Cross-Appelleee*

/s/Adam N. Hallowell
ADAM N. HALLOWELL
Assistant United States Attorney

Dated: March 28, 2024