# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee/Cross-Appellant, | ) |
| | ) |
| v. | ) Nos. 24-1302, 24-1322, |
| | ) & 24-1491 |
| ORONDE SHELTON, | ) |
| | ) |
| Appellant/Cross-Appellee. | ) |

## NOTICE OF WITHDRAWAL OF
## MOTION TO STAY BRIEFING SCHEDULE

AND NOW comes Appellee/Cross-Appellant, United States of America, by Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Adam N. Hallowell, Assistant United States Attorney, and hereby withdraws its pending motion to stay the briefing schedule and hold these appeals C.A.V. for the Supreme Court's decision in *Brown v. United States*, No. 22-6389, and *Jackson v. United States*, No. 22-6640, and this Court's decision in *United States v. Gamble*, No. 23-2105. *See* Doc. No. 11, Nos. 24-1302, 24-1322, & 24-1491 (3d Cir. Mar. 28, 2024) ("Mot."). *Brown* and *Jackson* have been decided and resolve the sentencing issue in these appeals, leaving no reason to hold them for *Gamble*.

As explained in further detail in the Government's motion to stay, these appeals involve the issue of whether the district court erred in finding that Appellant/Cross-Appellee Oronde Shelton's prior Pennsylvania cocaine-trafficking

1

convictions did not qualify as "serious drug offenses" under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. 924(e)(2)(A)(ii). Shelton pleaded guilty to two federal firearm offenses, and the district court sentenced him without the statutory and Sentencing Guideline enhancements that would apply under ACCA. Dkt. No. 207 at 18-25, 62-69 (sentencing and revocation hearing transcript).[1] Shelton appealed from his conviction and sentence on the firearm offenses; the Government cross-appealed in that case; and Shelton also appealed from the revocation of his supervised release in a related proceeding.

The Government's motion to stay these appeals was based in part on the Supreme Court's then-pending decision in *Brown* (which was consolidated with *Jackson*). *See* Mot. at 5. *Brown* has since been decided, *see* 144 S. Ct. 1195 (2024), and shows that the district court erred in ruling that ACCA's definition of "serious drug offense" is based on federal drug schedules "[a]t the time [the defendant] committed the instant [federal] offense." Dkt. No. 207 at 21 (transcript). *Brown* rejects that position, and instead holds that a state conviction is a serious drug offense "if it involved a drug that was on the federal schedules at the time of that offense," even if that drug was later removed from federal schedules. 144 S. Ct. at 1210; *see id.* at 1204-06. Shelton has never disputed that, under this rule, his prior convictions would satisfy ACCA. *See* Dkt. No. 164 at 2-4 (objections to Presentence Report).

---

[1] Docket numbers refer to Crim. No. 21-216 (W.D. Pa.) unless noted.

Because the Supreme Court has decided *Brown* and *Jackson*, the Government's request for a stay pending those cases is now moot. Further, because of *Brown*, there is no need to stay these appeals for this Court's decision in *Gamble*. As explained in the motion to stay, in both *Gamble* and this case, the Government has independent arguments that the defendant's Pennsylvania cocaine-trafficking convictions satisfied ACCA (or a similar recidivist provision in 21 U.S.C. § 841(b)(1)(B)) based on the specifics of Pennsylvania law. Mot. at 5. But because of *Brown*'s holding, *see* 144 S. Ct. at 1210, there is no need for the Court to reach those arguments either in *Gamble* or this case, and a stay for *Gamble* has therefore become unnecessary.

WHEREFORE, Appellee/Cross-Appellant United States of America respectfully withdraws its motion to stay the briefing schedule and hold these appeals C.A.V., and requests that the Court enter a briefing schedule.

                Respectfully submitted,

                ERIC G. OLSHAN
                United States Attorney

                /s/Adam N. Hallowell
                ADAM N. HALLOWELL
                Assistant United States Attorney

Date:  June 7, 2024

# **CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the within filing was served by ECF to and upon the following:

Renee Pietropaolo, Esquire
Assistant Federal Public Defender
1500 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Appellant/Cross-Appellee Oronde Shelton*

/s/ Adam N. Hallowell
ADAM N. HALLOWELL
Assistant United States Attorney

DATED: June 7, 2024