**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 24-1302, 24-1322

UNITED STATES OF AMERICA

v.

ORONDE SHELTON,
              Appellant

_____

No. 24-1491

UNITED STATES OF AMERICA,
              Appellant

v.

ORONDE SHELTON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:09-cr-00232-001, 2:21-cr-00216-001)
U.S. District Judge: Honorable Christy Criswell Wiegand

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2025

_____

Before: SHWARTZ, MATEY, and SCIRICA, Circuit Judges.

(Filed: October 3, 2025)

_____

OPINION[*]

_____

SHWARTZ, Circuit Judge.

Oronde Shelton appeals his conviction and sentences for his violation of the federal firearms laws and his supervised release, and the Government cross-appeals Shelton's firearms sentence. For the following reasons, we will affirm in part, vacate in part, and remand for resentencing.

I

While on supervised release for a drug conviction, Shelton possessed firearms, including a machinegun, as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 922(o). He pleaded guilty but later moved to withdraw his plea and dismiss the indictment, claiming that the felon-in-possession and machinegun charges violate the Second Amendment. The District Court denied his motions and prepared for sentencing.

The Presentence Report ("PSR") calculated Shelton's base offense level as 20 and increased it by 4 levels, under U.S.S.G. § 2K2.1(b)(6)(B), for his use of a firearm in connection with another felony, resulting in an adjusted offense level of 24. The PSR also found that Shelton was subject to the sentencing enhancement under the Armed Career Criminal Act ("ACCA") because he had at least three serious drug convictions, resulting in an offense level of 34. Because this offense level was greater than the level

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

under § 2K2.1, the PSR noted that § 4B1.4(b) required the higher offense level apply. Thus, after reducing the offense level of 34 by 2 levels for acceptance of responsibility and noting the criminal category was VI in light of the ACCA status (and the ACCA's mandatory minimum of 15 years' imprisonment), the PSR recommended a Guidelines range of 210 to 262 months' imprisonment for the violation of § 922(g)(1) but noted that the punishment for the § 922(o) offense was capped at the statutory maximum term of 120 months.

At sentencing, the District Court overruled Shelton's objection to the § 2K2.1(b)(6)(B) enhancement but sustained his objection to the application of the ACCA, finding that his prior state cocaine offenses are not ACCA predicate offenses because "Pennsylvania's definition of cocaine [was] broader" than the federal drug schedules in effect at the time of Shelton's federal offenses.  App. 782.  Without the ACCA sentencing enhancement, Shelton had a total offense level of 22 (which included the reduction for acceptance of responsibility) and a criminal history category of III, resulting in an advisory Guidelines range of 51 to 63 months' imprisonment.  The Court varied upward from this range and sentenced Shelton to 120 months' imprisonment on each count, to run concurrently, followed by 3 years' supervised release.  The Court also revoked his supervised release for his drug conviction and sentenced him to 57 months' imprisonment to run consecutive to his 120-month sentence.

Shelton appeals, and the Government cross-appeals.

II[1]

The District Court properly denied Shelton's motions to withdraw his guilty plea and to dismiss the indictment because his charges under § 922(g)(1) and § 922(o) did not violate the Second Amendment. Shelton committed these firearm-possession offenses while on supervised release and thus did "not have a Second Amendment right to possess a firearm." United States v. Moore, 111 F.4th 266, 273 (3d Cir. 2024), cert. denied, No. 24-968, 2025 WL 1787742 (U.S. June 30, 2025). Therefore, his Second Amendment challenge fails.[2]

Shelton, however, must be resentenced. The District Court, in assessing whether Shelton's state drug convictions count as ACCA predicate offenses, erroneously considered the drug schedules in effect at the time of his federal offenses rather than the schedules in effect at the time of his state predicate offenses.[3] Brown v. United States,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's legal conclusions. United States v. Bergrin, 650 F.3d 257, 264 (3d Cir. 2011); United States v. Blair, 734 F.3d 218, 221 n.3 (3d Cir. 2013).

[2] Although Moore involved a Second Amendment challenge to § 922(g)(1), its reasoning that "history and tradition support disarming convicts who are completing their sentences" applies equally to Shelton's challenge to his § 922(o) conviction because he possessed a machinegun while completing his sentence. 111 F.4th at 273. While we doubt that he preserved a facial challenge to either statute, it too fails because his as-applied challenge fails. Id. at 273 n.5.

[3] We need not reach Shelton's challenge to the U.S.S.G. § 2K2.1(b)(6)(B) enhancement because his challenge may become moot if the ACCA sentencing enhancement applies, as the ACCA enhancement would result in an offense level that would exceed the offense level if the § 2K2.1(b)(6)(B) enhancement applies. See U.S.S.G. § 4B1.4(b); cf. United States v. Abdullah, 905 F.3d 739, 749-50 (3d Cir. 2018) (holding moot defendant's claim that the court erroneously enhanced his offense level because, even if the enhancement were subtracted, his "final offense level would remain unaffected" as "the career-offender enhancement requires that his minimum offense level

602 U.S. 101, 123 (2024). We therefore will vacate both sentences[4] and remand for the District Court to consider whether the ACCA applies based on the state and federal drugs schedules in effect at the time of Shelton's state offenses.

III

For the foregoing reasons, we will affirm in part, vacate in part, and remand for resentencing.

---

be 34"). Because we will vacate his firearms sentence, we also need not address Shelton's challenges to its procedural or substantive unreasonableness. See United States v. Payano, 930 F.3d 186, 191 n.2 (3d Cir. 2019) ("Because we will vacate [defendant's] sentence, we need not address his two additional arguments on appeal: (1) that the District Court procedurally erred by not adequately explaining its upward variance, and (2) that the imposition of a four-year sentence was substantively unreasonable.").

[4] Because we are unable to determine whether the sentence imposed for the firearms offenses impacted the District Court's supervised release sentence, we also vacate that sentence. Nothing herein, however, constitutes a ruling concerning any challenge made to that sentence.